CHARITY C. FREEMAN *v.* ORVIS BATCHELDER.

*Principal ·and Surety.    Judgment.    Scire facias.*

The motion referred to in § 10 chap. 71, Com. Stat. 74, Gen. Stat. of the act relating to the maintenance of illegitimate children, must proceed against both the principal and surety, or sufficient cause be stated for proceeding against the surety alone.

A judgment rendered in the *supreme court* against a surety for the amount of his recognizance in a bastardy case, payable in installments, stands as a security for the payment of subsequent installments, and by provision of chap..28, Com. Stat. (30, Gen. Stat.) *scire facias* may be brought in the *county court* to enforce such judgment.

THIS was a proceeding instituted in the county court on a recognizance in a bastardy case against the surety alone, to enforce the payment of a former judgment rendered against him by the supreme court. Trial by the court, March Term, 1863, PECK, J. presiding. The declaration set forth at length all the proceedings by which the plaintiff obtained such judgment; and these are .in substance stated in the opinion of the court.

The defendant filed a demurrer, and urged upon the trial that this suit could not be legally brought in the county court, but should have been brought in the supreme court where the former judgment was rendered.

The court overruled all objections and rendered judgment for the plaintiff,—exceptions by the defendant.

*L. C. Wheelocks* and *G. H. Heath,* for the defendants, cited upon the point that this action should have been brought in the supreme court.· *Gibson* v. *Davis,* 22 Vt. 374 ; *Carlton* v. *Young* 1 Aik. 332 ; *Walsh et al.* v. *Haswell,* 11 Vt. 85 ; and upon the point that it should appear that a *ca. sa.* was issued against the principal, Philbrick Batchelder, with the return *non est,* as this is necessary before a *scire facias* could issue.    Tidd's Practice, 1124 & 1165 ; *Belknap* v. *Davis,* 21 Vt. 409.

*Wing, Lund & Taylor,* for the plaintiff.    The main question in this case is :—was the suit brought in the right court—the judgment for the penalty of the bond of recognizance being rendered

in the supreme court. This suit was brought in accordance, with the provisions of §§ 50, 54 and 55 of chapter 28 of the Com. Stat. p. 226 and § 10 p. 424. We insist the writ is good as a writ of *scire facias* on general demurrer. But if not it is most certainly good as a motion—and this is all that is required in this case—Com. Stat. 424 § 10. All questions as to the plaintiff's right to recover against this defendant have been settled by this court in the first suit on the bond—and this suit is brought only to recover the installments that have fallen· due since that suit was brought.

PIERPOINT, J. It appears from the case that one Philbrick Batchelder was charged by the plaintiff with being the father of her illegitimate child, and upon his being brought before a magistrate upon such charge, he entered into a recognizance, with the present defendant as her surety, in the sum of $300. according to the statute relating to the maintenance of illegitimate children. That such proceedings were had thereafter that a judgment was rendered against said Philbrick Batchelder that he was the father of said child, and that he pay the sum of $300. and costs, in installments, for the support of the child, &c. The said Philbrick having failed to pay the first installment and the costs, proceedings were instituted upon the recognizance, that resulted in a judgment being rendered in the supreme court against the present defendant as such surety, for the amount of the recognizance, and damages assessed to the amount which had fallen due at the time such proceedings were commenced.

The said Philbrick and this defendant having failed to pay subsequent installments as they fell due, this proceeding was instituted to enforce payment.

This process we think must be regarded as a *scire facias* brought upon the said judgment rendered in the supreme court. Such was clearly the intention of the pleader and such is its form. As a motion under § 10 of the Act above referred to, it is clearly defective ; such a motion must have proceeded against both the principal and surety, or some sufficient cause stated for proceeding against the surety alone. Whether proceedings by motion

are applicable to a case where a suit has been brought upon the recognizance, and a judgment rendered in the supreme court for the amount thereof, is a question we have no occasion to pass upon now.

But treating this as a *scire facias* on the judgment in the supreme court, it is said the proceeding cannot be sustained, for the reason that it should have been brought in the supreme court where the record and judgment are, on which it is based. This objection we think is obviated by the provisions of chap. 28, Comp. St., which provides that in actions on bonds, or for any penal sum for the non-performance of any covenants, agreements, in any condition, indenture, deed, or writing contained, a judgment, shall be rendered for the penalty in the supreme court, and when such judgment remains as a security to the plaintiff for any other breaches, not recovered for in the original proceeding, a *scire facias* may be brought on such judgment before the county court, in the same county in which the original judgment was rendered. This case seems to come within this statute. The judgment in the supreme court for the amount of the recognizance certainly stands as a security for the payment of the subsequent installments, and if so the right to bring *scire facias* in the county court thereon, is given by the statute.

Some objections have been made to the form of the process, but we think on general demurrer it is sufficient.

Judgment affirmed.